AO 91 (Rev. 11/11) Criminal Complaint (approved by AUSA Melanie B. Wilmoth)  20-111

# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| ARTHUR JOHNSON | ) | Case No. MJ-20-1626 |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __JULY 8, 2020__ in the county of __Chester__ in the __Eastern__ District of __Pennsylvania__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 United States Code Sections 1040(a)(2) and (2) | Fraud in Connection with a Major Disaster or Emergency Benefit; Aiding and Abetting |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

s/SA Michael Cuff
*Complainant's signature*

FBI SA Michael Cuff
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/1/2020

City and state: Allentown, PA

U.S. Magistrate Judge HENRY S. PERKIN
*Printed name and title*

*Judge's signature*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | Magistrate No. 20-1626 |
| v. | ) | **[UNDER SEAL]** |
| ARTHUR JOHNSON | ) | (18 U.S.C. §§ 1040(a)(2) and 2) |

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Michael Cuff, being duly sworn, state as follows:

## INTRODUCTION

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been so employed for more than 18 years. I am currently assigned to the Economic Crimes squad. I have been trained in various aspects of law enforcement, including the investigation of fraud schemes. As part of my duties as a Special Agent, I investigate violations and alleged violations of federal laws, including but not limited to violations of with fraud in connection with major disaster or emergency benefits, in violation of Title 18, United States Code, Section 1040(a)(2). Through my education and experience and that of other Agents, I have become familiar with the methods individuals utilize in furtherance of committing the various offenses involved in these fraud schemes. I have participated in investigations that have resulted in the arrest of individuals who have committed various fraud-related crimes as well as the seizure of evidence in support of these crimes.

2. I make this affidavit in support of a criminal complaint charging ARTHUR JOHNSON (JOHNSON) with fraud in connection with major disaster or emergency benefits, in violation of Title 18, United States Code, Section 1040(a)(2).

3. Specifically, as set forth below, I have probable cause to believe that JOHNSON knowingly made false statements on an application for monetary benefits under the Pandemic Unemployment Assistance (PUA) program from the United States Government, via the Commonwealth of Pennsylvania, as defined in the Coronavirus Aid, Relief, and Economic Security Act for his incarcerated relative-Inmate 1.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other Agents and witnesses.  This affidavit is intended to show merely there is sufficient probable cause for the requested complaint and warrant and does not set forth all of my knowledge regarding this matter.

## BACKGROUND

5. On March 13, 2020, the President declared the ongoing COVID-19 pandemic to be an emergency under Section 501(b) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act.

6. On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) was signed into law.  The CARES Act created the PUA program, which provided unemployment benefits to individuals not eligible for regular unemployment compensation or extended unemployment benefits.

7. The PUA program was administered by the various states, including the Commonwealth of Pennsylvania, but its benefits were funded in part by the Federal Government.  In Pennsylvania, the Pennsylvania Department of Labor and Industry (PA DLI) administered the PUA program.

8. According to the PA DLI, a PUA claim as made online via the PUA website, https://pua.benefits.uc.gov.  The applicant entered personal identification information,

2

including name, date of birth, Social Security Number, email address, telephone number, and a physical address. An applicant was also required to answer a series of questions that enabled the PA DLI to determine the applicant's eligibility and payment amount.

9. An applicant was only eligible to receive weekly PUA benefits if they were unemployed for reasons related to the COVID-19 pandemic. The applicant was required to certify, under penalty of perjury, that they were able to go to work each day and, if offered a job, the applicant must have been able to accept it.

10. The applicant was required to make the following Certification acknowledgement:

    a. By submitting this application I certify that all information submitted is true and complete, I am responsible to read the UC Handbook and any other official written material provided to me regarding any benefit program; and I acknowledge that any false statements in this document are punishable pursuant to 18 PA C.S. section 4904, and CFR 625.14 referenced in Section 2102 of CARES Act of 2020, relating to sworn falsification to authorities, and that a person who knowingly makes a false statement or knowingly withholds information to obtain UC or other benefits commits a criminal offense under Section 801 of US Law 43 P.S. 871, and may be subject to a fine, imprisonment, restitution, and loss of future benefits.

11. If the PA DLI approved an application for PUA benefits, the benefits recipient received benefits in the form of checks, electronic fund transfers, or debit cards, and the checks and debit cards were mailed via the United States Postal Service to the physical address listed on the application.

12. The recipient of PUA benefits received a unique Personal Identification Number (PIN) to access the PUA portal each week to certify their unemployment status. Payments for PUA were based on a seven-day period, from Sunday through Saturday. Thus, the benefits recipient was required to certify every seven days that he or she: was ready, willing and able to work each day; was seeking full time employment; did not

refuse any job offers or referrals; and, had reported any employment during the week and the gross pay or other payments received. The weekly certification was required to be completed in a timely manner. A delay in the weekly certification could result in a delay or denial of further payments.

13. Knowingly making a materially false, fictitious, or fraudulent statement or representation in connection with an application for Pandemic Unemployment Assistance or Federal Pandemic Unemployment Compensation benefits violated Title 18, United States Code, Section 1040(a)(2), which prohibits Fraud in Connection with Emergency Benefits.

### PROBABLE CAUSE

### INMATE 1 PUA CLAIM

14. On or around July 8, 2020, an application for PA PUA benefits was filed in the name of Inmate 1. The application alleged Inmate 1 was unemployed due to the COVID-19 pandemic starting on or about March 22, 2020 and through the Effective Date of the application, July 5, 2020. The Social Security Number and date of birth on the PUA application matched records for Chester County Prison (CCP) inmate - Inmate 1. Inmate 1 has been in CCP custody since on or about October 13, 2019, through the present date. The mailing address listed on the Inmate 1 application was 113 S. 4th Ave., Coatesville, PA 19320-3425. The PUA application listed Company 1, of Coatesville, Pennsylvania, as Inmate 1's last employer and stated he was employed by Company 1 from July 4, 2018 through March 22, 2020. The PUA application further indicated that Inmate 1 was laid off from his employment with Company 1 due to COVID-19 related reasons.

15. Inmate 1's CCP case file listed ARTHUR JOHNSON as Inmate 1's father.

16.     According to PA DLI PUA claims data, the IP address utilized to submit Inmate 1's PUA application was 69.139.2.221. According to records from Comcast, the following information was associated with IP address 69.139.2.221:

    a.     Subscriber Name:  Arthur Johnson
    b.     Service Address: 113 S 4th Ave, Coatesville, PA 193203425
    c.     Billing Address:  113 S 4th Ave, Coatesville, PA 193203425
    d.     Telephone #:  (570) 540-1370
    e.     Type of Service:  High Speed Internet Service
    f.     Account Number:  8499100770191442
    g.     Start of Service:  1-11-2020
    h.     Account Status:  Disconnected 08-07-2020
    i.     IP Address:  69.139.2.221; Lease Grant: 03/20/2020; Lease Expiration: 08/07/2020; Subscriber ID: 8499100770191442.

17.     Inmate 1's PUA application listed his place of employment as of March 22, 2020, as a "barber stylist" at Company 1. However, according to PA DLI records, Inmate 1's last reported employment was with Company 2, based in Lionville, PA and Inmate 1's last reported wages were for the first quarter of 2019.

18.     The benefits recipient was required to certify every seven days that he or she: was ready, willing and able to work each day; was seeking full time employment; did not refuse any job offers or referrals; and, had reported any employment during the week and the gross pay or other payments received. The weekly certification was required to be completed in a timely manner. A delay in the weekly certification could result in a delay or denial of further payments.

19.     According to PA DLI records, on July 8, 2020, the sixteen (16) weekly certifications for Inmate 1's claim related to March 15, 2020 through July 4, 2020, were electronically submitted from IP address 69.139.2.221 which, as indicated above is subscribed to JOHNSON. In addition, the weekly certifications for Inmate 1's claim from July 5, 2020 through July 25, 2020 were electronically submitted from JOHNSON's

5

IP address 69.139.2.221.

20. The phone number listed on Inmate 1's PUA application was 570-540-1370. According to PA DLI PUA claims data, JOHNSON filed his own application for PUA benefits or around June 24, 2020 listing the same 570-540-1370 number on the application. This telephone number is the same number listed as the telephone number of record for JOHNSON in the Comcast IP address subscriber information.

21. On September 11, 2020, this Affiant and another Agent telephonically interviewed JOHNSON regarding Inmate 1's PUA application. JOHNSON stated he completed and filed Inmate 1's PUA application at the direction of Inmate 1 who is his son. JOHNSON noted Inmate 1 received more than $13,000 in PUA benefits. JOHNSON admitted to subsequently withdrawing the funds from the issued card and claimed to have sent the funds to Inmate 1 via money orders. JOHNSON stated that he was unsure what Inmate 1 did with the funds; however, JOHNSON admitted that Inmate 1 sent him a $4,000 check. JOHNSON subsequently deposited the $4,000 check in his personal bank account.

22. According to PA DLI records, from July 9, 2020 through July 27, 2020, Inmate 1 received $13,905 in benefits.

23. CCP telephone records show numerous telephone calls between Inmate 1 and JOHNSON's telephone number 570-540-1370 both before and after the PUA application submission on July 8, 2020. Your affiant listed to calls between November 23, 2019 and March 21, 2020 and confirmed that JOHNSON talked to Inmate 1 who was incarcerated at CCP on numerous calls during that time period. This is the timeframe frame JOHNSON stated on the application that Inmate 1 was employed by Company 1.

24. According to Chester County Prison Inmate Financial Records for Inmate 1, starting July 30, 2020 and through August 13, 2020, Inmate 1 received approximately $4,530 in mail deposits via money orders. Nine (9) of the money orders totaling $4,030 were signed with the name ARTHUR JOHNSON.

25. According to Chester County Prison Inmate Financial Records for Inmate 1, on Thursday, September 3, 2020, submitted a request for deduction from his account in the amount of $4,000 payable to "AURTHOR JOHNSON" relationship: "father" for the purpose of "Bills." The request for deduction included a signature line signed with the name of Inmate 1.

26. On September 4, 2020, Chester County Prison Check Number 62740, from Meridian Bank, was issued to "AURTHOR JOHNSON" in the amount of $4,000. Check Number 62740 included the following memo: #59589 [name of Inmate 1]-Bills.

27. Based on the information set forth above, there is probable cause to believe that JOHNSON knowingly made false statements on a PUA application and submitted said application for Inmate 1 for a period of time when he knew Inmate 1 was incarcerated and unable to accept work. JOHNSON made the following material false, fictitious, or fraudulent statements or representations:

    a. JOHNSON falsely represented he was Inmate 1.

    b. JOHNSON falsely answered "YES" to the question, "If offered a job, are you able and available to accept it?"

    c. JOHNSON falsely answered "YES" to the question, "Are you unemployed as a direct result of a pandemic or major disaster?"

    d. JOHNSON falsely stated that Inmate 1 was employed at Company 1

7

through March 22, 2020.

  e. On Inmate 1's behalf and under penalty of perjury, JOHNSON falsely stated the representations contained in the application were true and correct.

28. Based on the fraudulent application, on or around July 9, 2020 and through July 27, 2020, the Pennsylvania Treasury Department issued a PUA debit card and deposited $13,905 in benefits payable to Inmate 1. In the CARES Act, the United States government intended to provide major disaster and emergency unemployment benefits to individuals not eligible for regular unemployment compensation or extended unemployment benefits. The PA DLI relied on applicants to the PUA program, which administered the distribution of benefits, to make truthful representations. However, JOHNSON knowingly made materially false, fictitious, or fraudulent statements or representations in connection with applications submitted on the PUA website.

## CONCLUSION

30. Based on the above information, your Affiant submits that there is probable cause to believe JOHNSON committed fraud in connection with a major disaster or emergency benefit, in violation of 18 U.S.C. §§ 1040(a)(2) and 2.

             **Respectfully submitted,**

             /s/ Michael A. Cuff
             **Michael A. Cuff, Special Agent**
             **Federal Bureau of Investigation**

**Subscribed and sworn to before me
on this __1st_ day of October, 2020**

_____
**HONORABLE HENRY S. PERKIN
UNITED STATES MAGISTRATE JUDGE**